IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-00665-KAS

VARLAM JANGVELADZE,

　　　Petitioner,

v.

GEORGE VALDEZ, in his official capacity as Director of ICE's Denver Field Office, and WARDEN OF THE DENVER CONTRACT DETENTION FACILITY,

　　　Respondents.
_____

**MINUTE ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on Petitioner's **Amended Petition for Writ of Habeas Corpus** [#17] (the "Petition"). Petitioner filed the original Petition for Writ of Habeas Corpus [#1] on February 18, 2026, asserting that he was denied a bond hearing pursuant to the all too familiar § 1225/§1226 fact pattern inundating this Court.

Before serving Respondents such that they had an opportunity to respond to the Petition, Petitioner filed a motion styled as a Motion to Enforce Judgment [#9], although no judgment had yet entered. In the Motion [#9], Petitioner stated that he received a bond hearing on March 2, 2026, and that bond was set at $60,000. *Id.* at 5. He asked the Court, in light of the immigration judge's bond decision, to either order his immediate release on appropriate conditions or order a new bond hearing before a different immigration judge that "complies with due process." *Id.* The Motion [#9] sat because Petitioner had not served Respondents such that they could enter an appearance or respond. Petitioner ultimately served Respondents with a copy of the original Petition on April 10, 2026. *Response* [#12] at 4 n.2.

In opposition to the Motion [#9], Respondents stated that in the time between Petitioner's bond hearing and the date they were served, Petitioner posted bond and was released from ICE custody, subject to GPS monitoring. *Respondents' Ex. 1, Order of the Immigration Judge* [#12-1]; *Respondents' Ex. 2, Himelspach Decl.* [#12-2] at 3. Accordingly, Respondents argued that the Petition [#1] giving rise to this action was moot. *Response* [#12] at 4.

The Court granted Petitioner leave to file an Amended Petition for Writ of Habeas Corpus. *Minute Order* [#16]. Petitioner filed the instant Amended Petition [#17] on May

15, 2026. In it, Petitioner seeks only prospective relief in the form of (1) a declaration that Respondents may not re-detain him without due process of law, and (2) an injunction barring "DHS, ICE, and all officers, employees, agents, and successors acting in concert with them from re-detaining Petitioner unless Respondents first provide" various forms of process. *Am. Petition* [#17] at 17-18. He bases these requests on the theory that a future re-detention could violate his due process rights guaranteed by the Fifth Amendment. *Id.* at 9-14.

However, Petitioner does not present any legal authority showing that the Court may pre-emptively enjoin Respondents in this manner, especially where, as here, Petitioner received the relief to which he was entitled (a bond hearing), *see Santillan Quiroz v. Mullin*, --- F.4th ----, 2026 WL 1876709, at *5 (10th Cir. June 30, 2026), before the Court ever had an opportunity to adjudicate his original Petition [#1]. Nor does Petitioner present any evidence suggesting that Respondents intend to re-detain him, much less violate the Constitution or statutory and regulatory procedures in so doing. *See Edlicico v. Baltasar*, No. 26-cv-02406-STV, 2026 WL 1745680, at *6 (D. Colo. June 17, 2026). Petitioner's requests for relief are premature. Accordingly,

IT IS HEREBY **ORDERED** that the Amended Petition [#17] is **DENIED**.

IT IS FURTHER **ORDERED** that the Motion to Enforce Judgment [#9] is **DENIED as moot**.

IT IS FURTHER **ORDERED** that the Clerk of Court is directed to terminate this case.

Dated: July 26, 2026